Filed 4/8/25  P. v. Nguyen CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>TRI DUNG NGUYEN,<br><br>        Defendant and Appellant. | A171181<br><br>(Alameda County Super. Ct. No. 144700) |

Tri Dung Nguyen appeals from a postconviction order declining to vacate a restitution fine and court-ordered payment to the California Victim Compensation Board imposed at sentencing on his 2004 murder conviction. His appointed counsel on appeal filed a brief raising no issues and asking us to follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Nguyen filed a supplemental brief.  After reviewing Nguyen's arguments and the record provided on appeal, we affirm.

**BACKGROUND**

In July 2004, a jury found Nguyen guilty of first degree murder involving the personal use of a deadly weapon (Pen. Code,[1] §§ 187, subd. (a), 12022, subd. (b)(1)), and in August 2004, the court sentenced Nguyen to a total term of 26 years to life in state prison.  The court imposed a "Restitution

_____

[1] Further statutory references are to the Penal Code.

1

Fine" of $7,500 pursuant to section 1202.4, subdivision (b), and ordered Nguyen to pay $7,500 to the Victim Compensation Board pursuant to section 1202.4, subdivision (f).[2]

In 2006, Division Two affirmed Nguyen's conviction in a direct appeal where his "sole claim of error concern[ed] alleged error in the admission of certain evidence." (*People v. Nguyen* (Mar. 6, 2006, A107996) [nonpub. opn.].)

On August 18, 2023, Nguyen filed a "motion to vacate judgment of court-imposed costs (fines and restitution)" in the trial court, arguing the 2004 restitution fine and payment to the Victim Compensation Board are "now unenforceable and uncollectible" pursuant to section 1465.9. (Capitalization omitted.) In support of the motion, Nguyen submitted a copy of a July 2023 cashier's check for $5,772.91, payable to the California Department of Corrections and Rehabilitation for "Restitution Payment" and an "Inmate Statement Report" from July 2023, reflecting a "Current Balance" of $7,500 for the restitution fine and $5,772.91 for the restitution "Direct Order."

In March 2024, Nguyen sent a letter to the court inquiring about the status of his August 18 motion.

On May 31, 2024, the court issued an order acknowledging Nguyen's March letter and dismissing Nguyen's motion to vacate. The court reasoned it lacked jurisdiction post judgment, and, even if it had jurisdiction, "the court would deny the motion because none of the financial obligations imposed at sentencing [are] considered 'court-imposed costs' within the meaning of section 1465.9."

_____

[2] The court set the restitution payment per section 1202.4, subdivision (f) at $7,500 and checked the box for "Amount to be determined." The court also imposed a restitution fine per section 1202.45, which was "suspended unless parole is revoked."

On June 10, 2024, Nguyen filed a "motion to vacate unpaid restitution, fines and fees," again pursuant to section 1465.9. (Capitalization omitted.) Nguyen submitted the same documentary support except an Inmate Statement Report, dated January 2024, now reflected a balance of $7,375 for the restitution fine and $0.00 for the "Direct Order."

On August 30, 2024, the court issued an order taking "no further action." The court explained that its May 31 order and Nguyen's June 10 motion to vacate presumably "crossed paths in the mail,"[3] and that Nguyen had since filed a notice of appeal from the May 31 order, which precluded any further action in the trial court.

Indeed, on July 22, 2024, Nguyen filed a notice of this appeal from the court's May 31 order.

## DISCUSSION

Because this appeal comes from an order denying postconviction relief, the procedures set out in *People v. Wende* (1979) 25 Cal.3d 436 do not apply. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221–222, 226–227.) Instead, we must "evaluate the specific arguments presented" in Nguyen's supplemental brief. (*Id.* at p. 232.) According to Nguyen, the restitution fine and payment imposed at his 2004 sentencing are "unenforceable and uncollectable" pursuant to Senate Bill No. 567 (2021–2022 Reg. Sess.),[4] Assembly Bill

---

[3] The clerk served the court's May 31 order by mail on June 6, 2024. Nguyen's second motion to vacate was signed and dated June 4, 2024, with a proof of service by mail—on the trial court only—dated the same day.

[4] Senate Bill No. 567 (2021–2022 Reg. Sess.) " 'amended section 1170, subdivision (b) . . . to alter a trial court's discretion to choose the lower, middle, or upper term for a crime with a sentencing triad,' " and does not apply here, where Nguyen challenges only the imposition of restitution fines and payments. (*People v. Fox* (2023) 90 Cal.App.5th 826, 830; see Stats. 2021, ch. 731, § 1.3.)

No. 1869 (2019–2020 Reg. Sess.), and Assembly Bill No. 1186 (2023–2024 Reg. Sess.) (Assembly Bill 1186).

Assembly Bill No. 1869 (2019–2020 Reg. Sess.) codified section 1465.9, which " 'eliminate[d] the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and . . . eliminate[d] all outstanding debt incurred as a result of the imposition of [identified] administrative fees.' " (*People v. Greeley* (2021) 70 Cal.App.5th 609, 625; *People v. Rowland* (2022) 82 Cal.App.5th 1099, 1124; Stats. 2020, ch. 92, §§ 2, 62.) Section 1465.9 provides, in relevant part, "the balance of any court-imposed costs" pursuant to section 1202.4, as it read on December 31, 2021, "shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (b).)

Section 1465.9 "is largely self-executing, and provides both backward-looking and forward-looking relief. [A defendant] may not be charged such fees, and to the extent he already has been charged them, any fees not yet paid are no longer collectible." (*People v. Clark* (2021) 67 Cal.App.5th 248, 259.) To the extent it is not self-executing, as when fees are imposed but uncollectible ("phantom debt"), a defendant may request the court vacate the portion of the judgment imposing this phantom debt and relief must be granted. (*Ibid.* ["The language of the statute is mandatory"].)

However, Nguyen's argument fails because, as the trial court correctly noted, "none of the financial obligations imposed at sentencing [are] considered 'court-imposed costs' within the meaning of section 1465.9." The plain language of section 1202.4 refers to restitution fines, not costs, and makes restitution orders pursuant to section 1202.4, subdivision (f) "enforceable as if the order were a civil judgment." (See, e.g., § 1202.4,

4

subds. (b), (i).)  Notably, as of December 31, 2021, section 1202.4, included former subdivision (l)—which has since been removed—that provided for imposition of a discretionary "fee to cover the actual administrative cost of collecting the restitution fine. . . ."  (§ 1202.4, former subd. (l); see also Stats. 2021, ch. 257, §§ 19, 20.)  No such discretionary fee was imposed in this case.  Therefore, the trial court properly declined to vacate the restitution fine and payment because neither constitutes "court-imposed costs" within the meaning of section 1465.9, subdivision (b).[5]

Nguyen's reference in his supplemental brief to Assembly Bill 1186 suggests he now also seeks relief pursuant to subdivision (d) of section 1465.9, which as of January 1, 2025, provides that restitution fines pursuant to section 1202.4 "shall be unenforceable and uncollectible" 10 years after the date of imposition.  (Stats. 2024, ch. 805, § 1.)  But Nguyen did not and could not seek such relief in the trial court because Assembly Bill 1186—which added subdivision (d)—came into effect after the trial court ruled on Nguyen's motion, after Nguyen filed the notice of this appeal, and after Nguyen's counsel submitted their initial briefing to this court.  Arguments not raised in the trial court generally cannot be raised for the first time on appeal.  (*Doe WHBE 3 v. Uber Technologies, Inc.* (2024) 102 Cal.App.5th 1135, 1152.)

Nguyen provides further reason to decline to consider his newly-raised contention because he does not adequately brief the issue.  Aside from referencing Assembly Bill 1186, Nguyen's supplemental brief does not contain any argument or analysis regarding subdivision (d).  (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 [points raised without argument and

---

[5] To the extent Nguyen challenges the imposed but suspended parole revocation fee, section 1465.9 makes no mention of relief from fees imposed pursuant to section 1202.45.  (See generally, § 1465.9.)

authority require no discussion by reviewing court].) Thus, because Nguyen did not seek relief pursuant to section 1465.9, subdivision (d) in the trial court and did not adequately brief the issue to us, we decline to address it in the first instance.

## DISPOSITION

The court's May 31 order declining to vacate Nguyen's restitution fine and court ordered payment to the California Victim Compensation Board is affirmed.

_____

DESAUTELS, J.

We concur:


_____

STEWART, P.J.


_____

MILLER, J.

*People v. Nguyen* (A171181)